IN THE COURT OF CRIMINAL APPEALS


OF TEXAS








WR-65,137-03








EX PARTE CLINTON LEE YOUNG







ON SUBSEQUENT APPLICATION FOR WRIT OF HABEAS CORPUS 


CAUSE NO. CR-27181 IN THE 385TH DISTRICT COURT

MIDLAND COUNTY



 Per Curiam. 

 

O R D E R



 This is a subsequent application for writ of habeas corpus filed pursuant to the
provisions of Article 11.071, Section 5 of the Texas Code of Criminal Procedure.

 Applicant was convicted of the offense of capital murder in March 2003. The jury
answered the special issues submitted under Article 37.071 of the Texas Code of Criminal
Procedure, and the trial court, accordingly, set punishment at death. This Court affirmed
Applicant's conviction and sentence on direct appeal. Young v. State, No. 74,643 (Tex.
Crim. App. Sept. 28, 2005), cert. denied, 547 U.S. 1056 (2006). This Court denied relief on 
Applicant's initial post-conviction application for writ of habeas corpus and dismissed his
first subsequent application. Ex parte Young, No. WR-65,137-01 and No. WR-65,137-02
(Tex. Crim App. Dec. 20, 2006)(not designated for publication). 

 Applicant's second subsequent writ was received by this Court on April 3, 2009. 
Applicant presented four allegations. Two of the allegations satisfied the requirements for
consideration of a subsequent application under Texas Code of Criminal Procedure Article
11.071, § 5:

 Claim I: The prosecution's failure to produce exculpatory evidence, and
the presentation of false testimony, violated applicant's
constitutional rights.

 

 Claim II: The prosecution's suppression of evidence concerning State
witness A.P. Merillat violated applicant's constitutional rights.

 

We remanded Applicant's case to the trial court for consideration of those issues. Ex parte
Young, No. WR-65,137-03 (Tex. Crim App. June 3, 2009)(not designated for publication). 

 The trial court held an evidentiary hearing. Following the hearing, Applicant, with
the approval of counsel in open court, abandoned Claim II. The trial court has made findings
of fact and conclusions of law recommending that this application be denied. 

 We have reviewed the record of the hearing and the trial court's findings of fact and
conclusions of law. Based upon our own review, we deny relief on Applicant's Claim I
pertaining to the prosecution's alleged failure to disclose exculpatory evidence, and dismiss
Claim II pertaining to witness Merillat. 

 IT IS SO ORDERED THIS THE 20th DAY OF JUNE, 2012.

Do Not Publish